O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MARC CARLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEIJING PU LUO MEDIA Co. et al.,<br><br>　　　　　Defendant. | Case № 2:20-cv-3451-ODW (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND [7]** |

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Marc Carlis initiated this breach of contract action in the Superior Court of California, County of Los Angeles, on March 10, 2020.  (Notice of Removal ¶ 1, ECF No. 1; *see* Notice of Removal Ex. A ("Compl."), ECF No. 1-1.)  Defendant removed the action to this Court on April 4, 2020, based on federal question jurisdiction.  (Notice of Removal ¶¶ 15–36.)

On May 4, 2020, Plaintiff moved to remand the case ("Motion"), served the Motion to Defendant by mail, and met and conferred with Defendant on April 27, 2020.  (*See* Mot. to Remand ("Mot.") 2, 15, ECF No. 7.)  Plaintiff noticed the hearing on the Motion on June 1, 2020.  Thus, pursuant to Local Rule 7-9, Defendant's opposition was due no later than May 11, 2020.  *See* C.D. Cal. L.R. 7-9 (requiring

oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, Defendant has filed no opposition. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.[1]

## II. DEFENDANT'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Plaintiff moves to remand this action. (*See* Mot.) Prior to granting a motion as unopposed pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *Deuschel v. UC Regents Med. Centers UC Los Angeles*, No. 2:18-CV-09616-ODW-PLAx, 2019 WL 1057046, at *2 (C.D. Cal. Mar. 6, 2019). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample time to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Plaintiff moved to remand the matter and set the hearing date on June 1, 2020, thirty-five days after filing, greater than the time required under the Local

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Rules. *See* C.D. Cal. L.R. 6-1 (requiring a motion to be filed twenty-eight days before the date set for the hearing). Plaintiff served the Motion on Defendant via mail. (*See* Mot. 15.) Thus, Defendant had notice of the Motion and ample opportunity to respond. However, to date Defendant failed to oppose or otherwise respond. Defendant removed this matter about two weeks before the Motion was filed and Plaintiff provided Defendant with notice on this Motion. As Defendant offers no excuse for failing to oppose, nor has Defendant sought an extension of time or any other relief, the Court construes the failure to oppose the Motion as consent to the Court granting it. Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 7) and **REMANDS** the case to Los Angeles Superior Court, 111 N. Hill St. Los Angeles, CA 90012.

**IT IS SO ORDERED.**

May 26, 2020

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**